```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

DONNA HODNETT                                          PLAINTIFF

    v.                    Civ. no. 07-2092

HEARTLAND RESOURCES, INC.,
BUD BELCHER and DAVID STEWART                         DEFENDANTS


## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' motion to dismiss or, in the alternative, to transfer (Doc. 8-1), filed pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) and Title 28 U.S.C. §§ 1404(a) and 1406(a), and Plaintiff's response and contemporaneous motion to strike Defendants' motion (Doc. 10-1).[1] For reasons reflected below, the Court finds that the case should be transferred to the United States District Court for the Western District of Kentucky, and Defendants' motion is GRANTED to that extent. As the Court finds transfer appropriate, Defendants' motion to dismiss for improper venue is DENIED. Plaintiff's motion to strike is likewise DENIED.

---

[1] Plaintiff moves to strike Defendants' motion based on an argument that Defendants were in default for failure to timely appear in state court prior to removal of the case to this Court and thus default judgment should be entered in favor of Plaintiff. On September 7, 2007, Plaintiff filed a motion for default judgment on that theory. On October 9, 2007, the Court denied Plaintiff's motion for default judgment and will not revisit that issue.

**I.   Background**

Plaintiff Donna Hodnett, a resident of Van Buren, Arkansas, brings suit against Defendants Heartland Resources, Inc. ("Heartland"), a Kentucky corporation engaged in oil and gas drilling and production, Bud Belcher, representative of Heartland, and David Stewart, Chief Executive Officer of Heartland, for deceptive trade practices under Arkansas law based on the following alleged facts:

In late July 2004, Defendant Belcher contacted an unidentified representative of Plaintiff and offered Plaintiff the opportunity to invest in a Heartland oil and gas venture. The project, known as Prairie Fire Number One, involved drilling and production of oil in the State of Kansas. Plaintiff invested approximately $75,000 in the project. However, according to Plaintiff, the project stalled during the research phase and never became profitable. In October 2004, Belcher again contacted Plaintiff's representative and offered the opportunity to invest in another drilling and production project, known as Crescent Thunder Number Two, to be undertaken in Oklahoma. Plaintiff invested approximately $25,800 in that project. According to Plaintiff, that project produced oil for a short time before difficulties arose involving the presence of water, which made the project inoperable. In the winter of 2005, Defendant Belcher yet again contacted Plaintiff's representative concerning a project

based in Kentucky, known as Cole's Branch Number One.  Plaintiff invested approximately $67,000 in that project and apparently an additional $67,000 in other nearby and related projects in Kentucky.

Each of Plaintiff's investments was effected through a subscription agreement. Each subscription agreement contained the following forum selection clause:

> I understand and accept that all provisions of this agreement are made in Warren County, Kentucky and that venue and jurisdiction for all matters in dispute shall also be in Warren County, Commonwealth of Kentucky.

(Docs. 8-2, 8-3, 8-4 ¶ (o).)

Plaintiff alleges that Defendant Belcher made misrepresentations to Plaintiff's representative that induced Plaintiff to invest in the Heartland projects.  Among those misrepresentations, Plaintiff alleges Defendant Belcher stated that Heartland had sufficient expertise to complete the proposed projects and that Heartland was a company possessed of integrity upon which Plaintiff could and did rely.  Plaintiff claims damages in the amount of $235,000 and seeks punitive damages in the amount of $5,000,000.

Plaintiff filed a complaint against Defendants in Crawford County, Arkansas Circuit Court (Doc. 2) alleging deceptive trade practices under Arkansas law. Defendants removed the case to this Court and filed the motion to dismiss or, alternatively, to transfer to the United States District Court for the Western

District of Kentucky based on the above cited forum selection clause, which is currently before the Court.

## II.  Discussion

Defendants request transfer under 1404(a) or, alternatively, dismissal or transfer under 1406(a).  As an initial matter, the Court finds it necessary to determine the appropriate standard under which to analyze Defendants' motion.  Section 1404(a) permits, but does not mandate, transfer when venue is laid initially in a court of *proper* venue and jurisdiction but a sister federal court is a more convenient forum for trial.  *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007).  Section 1406(a) mandates dismissal or, if justice dictates, transfer to a proper forum when venue is laid initially in a court of *improper* venue.[2]  *Id*.  Thus, 1406(a) must be applied when initial venue is improper and 1404(a) may be applied when initial venue is proper, and the issue becomes whether this Court is a proper venue for Plaintiff's action despite the contractual forum selection clause entered into by Plaintiff and Defendant Heartland (the "Clause").  The Court has jurisdiction over the subject matter of and parties to the dispute

---

[2]

Title 28 U.S.C. § 1406(a) states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

and is a proper venue unless the Clause serves to make it an improper venue.

The United States Supreme Court has approved 1404(a) as an appropriate vehicle for analyzing motions to transfer based on forum selection clauses but has not expressly disapproved application of 1406(a).[3] *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988); *see also Viron Intern. Corp. v. David Boland, Inc.*, 2002 WL 31990366, *4 (W.D. Mich. 2002) (stating "[t]he [*Stewart*] Court found that § 1404(a) is *an* appropriate vehicle for such a transfer because it allows for an individualized assessment of fairness and convenience, with a forum selection clause being *one factor* for consideration. *Stewart* does not mandate that whenever a forum selection clause exists any transfer must fall under § 1404(a)."); *see also King v. PA Consulting Group, Inc.*, 78 Fed. Appx. 645, 646 (10th Cir. 2003) (stating "upon determining that the quoted provision was a mandatory forum-selection clause, the [district] court did not immediately and peremptorily dismiss this action under § 1406(a); rather, following the Supreme Court's lead in *Stewart*, it

---

[3] In *Stewart Organization, Inc. v. Ricoh Corp.*, the Supreme Court noted that "[t]he parties do not dispute that the District Court properly denied the motion to dismiss the case for improper venue under 28 U.S.C. § 1406(a) because respondent apparently does business in the Northern District of Alabama," 487 U.S. at 29 fn.8 (citing 28 U.S.C. § 1391(c)), implying that because personal jurisdiction existed the court was a proper venue regardless of the forum selection clause.

proceeded to analyze the relative convenience of the venue-of-filing versus the venue-of-contract pursuant to § 1404(a)."). Thus, courts apply both 1404(a) and 1406(a) to motions to transfer based on forum selection clauses, and the Court must determine which section is properly applied in the instant case.

Some courts have found that forum selection clauses make improper venues of unselected courts, requiring application of 1406(a) to motions to dismiss filed in those courts. *See e.g. Hoffman v. Burroughs Corp.*, 571 F. Supp. 545, 551, (N.D. Tex. 1982) (reasoning that "[i]t is true that venue in the plaintiff's chosen court, while contrary to the contractual agreement, may satisfy the legal requirements for venue . . . . However, the nature of a motion to enforce a forum selection clause is that venue is wrong in the first instance."); *see also Lexington Investment Co. v. Southwest Stainless, Inc.*, 697 F. Supp. 139 (S.D.N.Y. 1988). Other courts have found that forum selection clauses do not make improper venues of unselected courts otherwise with valid jurisdiction, and 1404(a) should be applied to motions to dismiss based on such clauses. *See e.g. National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 679 (D.N.J. 1993) (stating that "[t]he fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue, but one of contract . . . ."); *Huntingdon Eng'g & Envtl. Inc. v. Platinum Software Corp.*, 882 F. Supp. 54, 57 (W.D.N.Y.

1995) (stating "[b]y statute, venue is proper in this Court. The parties' agreement to litigate in another forum is not a question of venue, but one of contract. Accordingly, this case will not be dismissed or transferred for improper venue under . . . 1406(a)."); *Licensed Practical Nurses, Technicians & Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 405 (S.D.N.Y. 2000) (finding where there is diversity jurisdiction for a civil action under § 1391(a)(2) "no exception is made for cases where the parties have agreed that suit may not be brought in that district."); *BHP Int'l Inv.,* 105 F. Supp. 2d at 496-97 (finding "[d]istrict courts within the Fourth Circuit have almost uniformly held that a motion to dismiss for improper venue is not the correct procedural vehicle for enforcing a forum selection clause when transfer is proper."); *Shaw Group, Inc. v. Natkin & Co.,* 907 F. Supp. 201, 203 (M.D. La. 1995) (denying a motion to dismiss under § 1406(a) because "this Court is not a court of improper venue"). In *Jumara v. State Farm Insurance Co.*, the Third Circuit found 1406(a) analysis of a motion to transfer based on a forum selection clause to constitute an error of law:

> Clearly, venue would be proper in the Middle District of Pennsylvania where the plaintiff resides, the defendant transacts business, the contract was signed, and events triggering the dispute occurred. Venue is also proper, however, in the Eastern District of Pennsylvania, where the defendant transacts business and is therefore subject to personal jurisdiction. Since venue is proper in the Eastern District where the action commenced, the district court's effective dismissal of the action constituted an error of law. The District Court should

AO72A
(Rev. 8/82)

> instead have applied the appropriate balancing test under 28 U.S.C. § 1404(a) to determine whether the case should proceed in the Eastern District or be transferred to the Middle District.

55 F.3d 873, 878-79 (3d Cir. 1995). Still other courts, when facing motions to dismiss based, alternatively, on 1404(a) and 1406(a), have simply granted transfers without addressing which standard applied. *See e.g. Taylor v. Titan Midwest Const. Corp.*, 474 F. Supp. 145 (N.D. Tex. 1979).

Having reviewed the above decisions, it is the view of the Court that 1404(a) is generally the appropriate standard for analyzing motions to dismiss based on forum selection clauses. In *Stewart*, the Supreme Court approved application of 1404(a) to such motions. The Court shares in the view of those above cited courts that parties are unable to alter the jurisdiction of federal courts by contract. While forum selection clauses have effect as a consideration in 1404(a) analysis, they cannot preempt that analysis altogether by depriving a federal court of jurisdiction. While courts have found 1404(a) to be inapplicable when forum selection clauses do not permit federal actions,[4] the Court finds that the Clause permits suit in federal court.[5] Thus, the Court

---

[4] In *Viron Intern. Corp.*, the court found that clauses selecting foreign or state forums could not be analyzed under 1404(a) because 1404(a) does not permit transfer to foreign jurisdictions. 2002 WL 31990366 at *4.

[5] While Plaintiff urges that the Clause "makes no reference to Federal Court venue," (Doc. 10-1 p. 2.), courts have

will act as a court of proper venue and analyze Defendants' motion under 1404(a).

Section 1404(a) reads, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Pursuant to that language, courts consider three categories of factors when ruling on motions to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Analysis is not, however, limited to those factors, and a case-by-case evaluation of all relevant circumstances is appropriate. *Stewart,* 487 U.S.

---

interpreted similar clauses to allow for venue in federal court. *See e.g. Jumara*, 55 F.3d at 875, 878-79 (finding that district court committed error by interpreting a forum selection clause requiring venue in Luzerne County, Pennsylvania to disallow venue in federal court located in that county, stating "[t]he district court should have instead invoked 28 U.S.C. § 1404(a)."); *Viron*, 2002 WL 31990366 fn.6 (finding a forum selection clause requiring venue in "a court in Orange or Brevard County, Florida" to include federal courts in those counties); *Aarons v. Worldtel Servs, Inc.*, No. 95 Civ. 8415, 1996 WL 185714, at *1-2 (S.D.N.Y. Apr. 17, 1996) (interpreting forum selection clause providing for adjudication only in "a court in Orange County, State of California" as permitting litigation in federal court).

The Court finds no meaningful difference in the clauses above, permitting suit in "a court" in selected counties, interpreted by courts to include *any* court in those counties, and the Clause.

at 29; *Terra*, 119 F.3d at 691.  Forum selection clauses are not only relevant to the analysis but are "a significant factor that figures centrally in the district court's calculus." *Stewart,* 487 U.S. at 29.

The Supreme Court has held that forum selection clauses are *prima facie* valid and enforceable unless the resisting party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-15 (1972); *see also Hoffman v. Burroughs Corp.*, 571 F. Supp. 545, 548 (N.D. Tex. 1982).  In the 1404(a) context, a forum selection clause places the burden on plaintiffs to demonstrate why they should not be bound by their contractual choice.  *See Terra*, 119 F.3d at 691; *Jumara*, 55 F.3d at 880.  Forum selection clauses represent a "manifestation of the parties' preferences as to a convenient forum," *Jumara*, 55 F.3d at 880, and Plaintiff has not overcome the burden of demonstrating that she should not be held to her initial contractual assessment of convenience.  Plaintiff does not allege misrepresentations by Defendants relating to the Clause or inducing Plaintiff to accept the Clause.  Plaintiff argues in her affidavit that back pain would prevent her from driving to Kentucky and travel by airplane

**AO72A**
**(Rev. 8/82)**

would be prohibitively expensive.  The Court recognizes these difficulties but cannot say that these common obstacles overcome Plaintiff's previous contractual commitment to bring suit in Warren County, Kentucky.  Beyond the usual difficulties of filing in a court outside Plaintiff's state of residence, Plaintiff offers nothing to suggest this Court is a preferable forum.  While deference is normally given to a plaintiff's choice of venue, "such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Id*.  Plaintiff makes no argument against transfer based on a strong public policy and alleges no misrepresentations by Defendants that related to or might have induced Plaintiff to accept the Clause.  For the above reasons, the Court finds the Clause to be valid and enforceable if it is applicable to Plaintiff's tort claim.

    Plaintiff contends the Clause contemplates only contractual claims and is inapplicable to her action for deceptive trade practices, which sounds in tort. (Doc. 10-1 p. 4.)  "Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Terra*, 119 F.3d at 693 (citing *Berrett v. Life Ins. Co. of the Southwest,* 623 F. Supp. 946, 948-49 (D. Utah 1985)).  Determining the scope of a forum selection clause is a case-specific exercise. *Id*.  Here, the Clause states:

AO72A
(Rev. 8/82)

> I understand and accept that all provisions of this agreement are made in Warren County, Kentucky and that venue and jurisdiction for all matters in dispute shall also be in Warren County, Commonwealth of Kentucky.

(Doc. 8 Ex. 1 ¶ (o).)  The Clause seems to have two propositions: (1) an acknowledgment that the contract is entered into in Warren County, and (2) a selection of proper jurisdiction and venue in that County.  Plaintiff interprets the Clause to contemplate only those matters that arise under the provisions of the agreement based on the structure of the provision (i.e., because the opening proposition references "provisions of this agreement," the subsequent proposition is thusly limited in scope).  However, the Court finds the phrase "all matters in dispute" to be unambiguous in its inclusion of related matters that sound in tort as well as contract.

In *Terra*, the Eighth Circuit interpreted a clause selecting venue for "any dispute or disputes arising between the parties hereunder" to require such disputes to arise under the agreement.  119 F.3d at 692-93 (explaining "'hereunder' modifies 'arising' not 'parties'").  However, the *Terra* Court nevertheless found the plaintiff's tort claims to be subject to the forum selection clause.  *Id*. at 695; *see also Picken v. Minuteman Press Int'l, Inc.*, 854 F. Supp. 909, 910-11 (N.D. Ga. 1993) (finding a clause requiring venue in New York for "any litigation commenced by either party hereunder" to include tort claims based on fraud and deceit); *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825

F. Supp. 671, 677-78 (D.N.J. 1993) (finding clause stating "any and all causes of action hereunder by and between the parties hereto" to cover claims for tortious interference). The *Terra* Court found several clauses in the agreement to be instructive in its interpretation, *see Terra*, 119 F.3d at 692-93 (explaining "the parties uniformly use the word 'hereunder' in several other portions of the license agreement to mean 'under this Agreement,' while they use the word 'hereto' to refer to the parties to the 'Agreement.'"), and extrinsic evidence reflecting the sophistication of the parties' drafting capability. *Id*. The Court finds no such guidance from other provisions of the agreement at issue to be instructive or useful, nor will the Court look to extrinsic evidence whereas it finds the Clause to be unambiguous. The phrase "all matters in dispute" is clear; the Clause does not merely contemplate matters "arising hereunder" as in *Terra*, requiring an interpretive determination to be made as to reference and modification. Instead, the Clause is unqualified in its inclusion of matters in dispute between the parties. Thus, the facts of the instant case dictate transfer more strongly than the facts of the above cases where transfers of tort claims were granted, and the Court will not find otherwise. Whereas Plaintiff's claims relate closely to her agreements with Defendant Heartland, the Court will not exclude them from the Clause's scope. Further, the Court finds that the structure of the

provision does not limit the scope of the Clause to the "provisions of [the] agreement," or by implication matters arising under those provisions, as urged by Plaintiff.  The provision states that venue will "also" be in Warren County, contemplating venue independent from and in addition to the location of contract.

In addition to being consistent with the Eighth Circuit's interpretation of the contractual language in *Terra*, the Court's treatment of the Clause in the present case is also consistent with the *Terra* Court's application of tests from other circuits. In *Terra*, the Eighth Circuit sought guidance from tests developed by other circuit courts for determining when tort claims were the subject of forum selection clauses.  *See Terra*, 119 F.3d at 694-59.  The *Terra* Court found the First Circuit's approach particularly revealing in that case.  *Id*. at 695.  The First Circuit makes tort claims subject to forum selection clauses when the claims involve the same operative facts as analogous breach of contract claims.  *Id*. at 694 (citing *Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993)).  The *Terra* Court found that because "Terra's tort claims involve the same operative facts as would a parallel claim for breach of contract" and "Terra plainly could have asserted a parallel claim for breach of contract in the same complaint," Terra's tort claims were subject to the forum selection clause in that case.  *Id*. at 695.  Here, Plaintiff's

general assertion that her agreement and understanding with Defendants was contrary to their performance of their obligations could certainly be pled as a contract claim. While Plaintiff chose instead to sue in tort, "[s]trategic or artfully drawn pleadings . . . will not work to circumvent an otherwise applicable forum selection clause." *Id.* (citing *Lambert*, 983 F.2d at 1121). Contract interpretation will doubtlessly be involved in the instant case. In the subscription agreements entered into by Plaintiff and Defendant Heartland, Plaintiff acknowledges that her investment is subject to a "high risk of loss" as the "proposed business is speculative in nature," (Doc. 8-2 ¶ (h).), and that she makes the investment in reliance on her "own examination of the person or entity creating these securities." (Doc. 8-2 ¶ (r)(1).) To the extent that such provisions will be at issue in Plaintiff's action, contract interpretation will be necessary. Plaintiff alleges that Defendants have not provided her with requested information (Doc. 2 ¶ 7.), however, Plaintiff chose not to sue for breach of a provision of the subscription agreements requiring Defendant Heartland to timely provide Plaintiff with requested information. (Doc. 8-2 ¶ (r)(2).) Despite Plaintiff's chosen cause of action, her allegations and the nature of her complaint are closely related to the subscription agreements such that her claims fall under the Clause.

Based on the forgoing, the Court finds Plaintiff's claims to

be subject to the Clause, and, factoring its effect into the 1404(a) analysis, finds transfer to be appropriate.

While Plaintiff contends Defendants Belcher and Stewart are "riding on the coat tails of the Defendant, Heartland Resources, Inc., in support of their argument for a change of venue," (Doc. 10-1 ¶ 4.), "when the alleged conduct of non-parties to a contract is closely related to the contractual relationship, all the participants, parties and non-parties, should benefit from and be subject to any forum selection clauses contained in the same." *Coastal Steel v. Tilghman Wheelabrator LTD*, 709 F.2d 190, 202-03 (3rd Cir. 1983); *see also Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). While Plaintiff contends that "Defendants are guilty of 'Deceptive Trade Practices' which is a tort created under Arkansas Statutory Law (A.C.A. 4-88-101 et. seq.) and any attempt to confer subject matter jurisdiction on the Warren County, Kentucky Court would be illegal and void," the jurisdiction of the United States District Court for the Western District of Kentucky is not limited by Plaintiff's chosen cause of action. The fact that Plaintiff chose to sue under Arkansas tort law does not prevent the operation of the Clause or alter this Court's analysis under 1404(a).

### III.  Conclusion

For reasons reflected above, Defendants' motion to transfer is GRANTED under 1404(a).  As a result, Defendants' remaining

motions to dismiss for improper venue are DENIED.  Plaintiff's motion to strike is likewise DENIED.  The United States District Clerk is directed to transfer this case to the Western District of Kentucky.

    IT IS SO ORDERED this 14th day of November.

                                            */s/ Robert T. Dawson*
                                            Honorable Robert T. Dawson
                                            United States District Judge

AO72A
(Rev. 8/82)